**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DAVID LEON PUCKETT, #B29550,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-00125-JPG** |
| | ) | |
| **OFFICER ACKLEY,** | ) | |
| **OFFICER JINES** | ) | |
| **OFFICER PARRIS,** | ) | |
| **OFFICER GRAY,** | ) | |
| **OFFICER WIEDEMANN,** | ) | |
| **and TRENT PAGE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. To date, the Court has been unable to screen this matter pursuant to 28 U.S.C. § 1915A because Plaintiff has not filed a single, standalone Complaint. The Court has repeatedly ordered Plaintiff to select and file a single signed complaint that stands on its own without reference to any other document. *See* Docs. 27, 33, 37, and 42. Plaintiff continues to violate the Court's Orders, so this action shall be **DISMISSED**.

Plaintiff initially filed duplicative cases and voluntarily dismissed one, *i.e.*, *Puckett v. Ackley, et al.*, No. 26-cv-00095-JPG (S.D. Ill. filed Feb. 4, 2026). In this case, Plaintiff filed multiple contemporaneous complaints that name different defendants, set forth different claims, and either include no signature at all or signatures with different dates. *See* Docs. 1 and 1-2; Docs. 35 and 36; and Docs. 39 and 41-1. When the Court warned him that the entire action would be dismissed for failure to file a single standalone complaint by June 17, 2026, Plaintiff filed an Amended Complaint (Doc. 39) on June 11, 2026 that was signed January 28, 2026 and a proposed

Amended Complaint (Doc. 41-1) on August 18, 2026 that was also signed January 28, 2026. He did so in direct violation of the Court's Orders (*see* Docs. 27, 33, and 37).

The Court gave Plaintiff one final opportunity to file a single signed Complaint that stands on its own without reference to any other document by September 3, 2026. (Doc. 42). Plaintiff was warned that this was his last chance to proceed with any claims in this case. *See id.* (citing FED. R. CIV. P. 41). He was further warned that failure to comply with the Court's Order would result in dismissal of the entire action. *Id.*

Before the final deadline, Plaintiff filed the following:

(1) Motion to Amend/Correct First Amended Complaint (Doc. 43) and proposed Second Amended Complaint (signed January 28, 2026) (filed August 21, 2026) (Doc. 43-1);

(2) Notice (Doc. 44) and Third Attempt at First Amended or First Original Standalone Complaint (signed August 26, 2026) (filed September 1, 2026) (Doc. 44-2); and

(3) Notice (Doc. 45) and Original Standalone Complaint (Count #1) (signed August 28, 2026), Original Standalone Complaint (Count #2) (signed August 30, 2026), Original Standalone Complaint (Count #3) (signed August 30, 2026) (filed September 1, 2026) (Doc. 45-2).

*See id.* Plaintiff's filings represent egregious violations of the Court's Orders (Docs. 27, 33, 37, and 42) to file a single signed Complaint that stands on its own.

Moreover, Plaintiff names seven defendants in the list of defendants and then fails to mention a single defendant by name in the statement of his claim. He thus fails to identify which defendant violated his rights under 42 U.S.C. § 1983.[1] Therefore, no version of the complaint filed at Docs. 43-45 would survive preliminary review under 28 U.S.C. § 1915A.

[1] By way of example, the Court noted the following vague references to defendants in the proposed Second Amended Complaint filed at Doc. 41-2): "the above named officers" (p. 4); "the searching officer/one of the above named" (p. 5); "one of the above named police officers . . . (the transporting officer)" (p. 6); "transporting officer" and "said officer" (pp. 6, 8); "transporting officer/one of the officers named above" (p. 9); "transporting officers and searching officers" (*id.*).

Plaintiff has consistently failed to comply with the Court's Orders, and the Court will not allow this matter to linger any longer.

This action is **DISMISSED** without prejudice for noncompliance with the Court's Orders at Docs. 27, 33, 37, and 42. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal does **NOT** count as a "strike" under 28 U.S.C. § 1915(g).

If Plaintiff would like to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to **TERMINATE** all pending motions (Doc. 43), close this case, and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 9/14/2026**



**J. PHIL GILBERT**
**United States District Judge**